IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CORYDORAS TECHNOLOGIES, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| vs. | § | Case No. 2:18-cv-288 |
| | § | |
| | § | |
| SONY MOBILE COMMUNICATIONS | § | **JURY TRIAL DEMANDED** |
| INC. | § | |
| | § | |
| *Defendant.* | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Corydoras Technologies, LLC ("Corydoras") brings this action against defendant Sony Mobile Communications Inc. ("Sony") and alleges:

**THE PARTIES**

**1.** Corydoras is a corporation organized and existing under the laws of Texas. Corydoras owns the entire right, title, and interest in the patents at issue in this case.

**2.** On information and belief, Sony is a Japanese corporation with a principal place of business located at 4-12-3 Higashi-shinagawa, Shinagawa-ku, Tokyo, 140-0002, Japan, and is doing business in Texas and this judicial district.

**3.** On information and belief, Sony is in the business of supplying mobile devices, such as smartphones, to its customers in the United States, including within the State of Texas and this District.

**JURISDICTION AND VENUE**

**4.** This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

5.       Subject-matter jurisdiction over Corydoras' claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

6.       Sony has solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas, including benefits directly related to the instant patent infringement cause of action set forth herein.

7.       Sony has made, used, sold, offered for sale, and/or imported mobile phones and/or have placed such phones into the stream of commerce, which phones have been offered for sale, sold, and/or used in the State of Texas and this District.  Sony has made instructions, such as User Guides, that instruct users on the use of smart phones accused of infringement in this case available to consumers in the State of Texas and this District.  Sony's corporate name and address appears on the materials that accompany its smart phones sold and used in Texas.

8.       At the time of filing of this Complaint, Sony's mobile phones are available for purchase by consumers in Texas, including within this District.

9.       On information and belief, Sony has made, used, sold, offered for sale, and/or imported wireless mobile communication devices that are alleged herein to infringe one or more claims of each of the patents asserted herein, and/or have placed such devices into the stream of commerce, which devices have been made, offered for sale, sold, and/or used in the State of Texas, knowing such devices will be sold in the State of Texas.

10.      This Court has personal jurisdiction over Sony.

11.      Sony is subject to personal jurisdiction in Texas and this judicial district, and is doing business in this judicial district.

**12.**    Venue as to Sony, a foreign corporation, is proper in this judicial district under 28 U.S.C. § 1391.

**SUMMARY**

**13.**    The facts set forth in this Complaint preceding the seven Counts of infringement are incorporated into each Count.

**14.**    Corydoras is the owner of over 100 U.S. Patents, including numerous patents related to smartphone technology.

**15.**    Sony, alone or in conjunction with others, manufactures, imports, offers to sell, has sold and/or sells Sony branded mobile phones that include a front camera.  The front camera is depicted in User Guides that describe and instruct the use and operation of Sony mobile phones.

**16.**    Sony's mobile phones with a front camera, such as the Xperia line of smartphones (including more specifically as an example, the Xperia XA2 Ultra), are capable of displaying a mirror image of an object in the view of the front camera.

**17.**    Sony's mobile phones with a front facing camera are capable of storing an image of an object in the view of the front camera.

**18.**    Sony makes, uses, sells, offers for sale and/or imports in the United States mobile phones, and/or instructs its customers on such phones' use, that include a front camera that display a mirror image of an object in the view of the front camera and that additionally include a second camera, sound caller ID (such as a personal ringtone), voice dialing of a phone number, email, capability to display the phone's location, caller rejection, and/or video phone capability. Such mobile phones are accused of infringement in this action (collectively "Accused Phones"). Examples of Sony's phones that are alleged to infringe one or more claims of one or more of the

patents identified in this Complaint include Sony's Xperia line of smartphones, more specifically including the Xperia XA2 Ultra, XA2, XZ2 and XZ2 Compact, and all reasonably similar phones of Sony.

19.     On information and belief, Sony has made, used, sold, offered for sale, and/or imported phones reasonably similar to the specifically identified examples of Accused Phones in paragraph 18 within the 6 years preceding the filing of this Complaint.

20.     On information and belief, Sony is designing and/or manufacturing phones reasonably similar in capability, structure and function to the Accused Phones specifically identified in paragraph 18.  On information and belief, Sony will release such reasonably similar phones in the future.

21.     Corydoras will rely on a reasonable opportunity for discovery of information regarding reasonably similar phones of Sony that Sony made, used, sold, offered for sale, and/or imported in the U.S. within 6 years preceding the filing of this Complaint.

22.     Corydoras will rely on a reasonable opportunity for discovery of information regarding reasonably similar phones of Sony that Sony makes, uses, sells, offers for sale, and/or imports in the U.S. subsequent to the filing of the Complaint.

23.     Sony's Accused Phones are capable of being used for voice communication.

24.     Sony's Accused Phones are capable of being used for audiovisual communication.

25.     Sony's Accused Phones have two or more cameras.

26.     Sony's Accused Phones have a camera and display on the same side of the phone.

27.     Sony's Accused Phones have a second camera with a lens located on the side of the phone that is opposite of the display.

28.     Sony refers to the camera located on the same side of the display as the "Front camera".

29.     Sony's Accused Phones include a "Front camera" that is used to display a mirror image of an object in the view of the front camera.

30.     An Accused Phone can be used in an audiovisual call.  During such a call, the Accused Phone is capable of displaying a mirror image of the user of the Accused Phone and is capable of wirelessly transmitting an image of the user that is not a mirror image of the user.

31.     Sony's Accused Phones include a microphone and speaker for use during voice communication.

32.      One or more of Sony's Accused Phones include capability to block an incoming telephone call.  For example, by enabling "Route to voicemail" or "Block" in Sony's Accused Phones, an incoming telephone call will be blocked.

33.     Sony's "Route to voicemail" or "Block" when activated on an Accused Phone prevents an incoming caller from conducting a voice communication with said Accused Phone.

34.     Sony's Accused Phones are capable of displaying the phone's location on its display.

35.     Sony's Accused Phones include capability for authoring and transmitting email.

36.     Sony's Accused Phones include voice dialing capability.

37.     Sony's Accused Phones include capability to identify an incoming call with a specifically designated ringtone.

38.     Sony's Accused Phones are wireless communication devices.

### COUNT I – INFRINGEMENT OF THE '664 PATENT

39.     On August 17, 2010, U.S. Patent No. 7,778,664 (õthe -664 patentö), entitled õCommunication Deviceö was duly and legally issued to the inventor, Iwao Fujisaki.  The -664 patent has been assigned to Corydoras.  Corydoras owns all right, title, and interest in the -664 patent, including the right to sue for and recover all past, present and future damages for infringement of the -664 patent.

40.     The -664 patent is presumed valid.

41.     Sonyøs Accused Phones are capable of voice communication.  For example, the Accused Phones are made and sold with the capability to be used in telephone calls.

42.     Sonyøs Accused Phones include a camera on the same side as the display.  Sony refers to this camera as the õFront camera.ö  Sonyøs Accused Phones are capable of displaying a mirror image of the object, such as a person, that is in the view of this camera.

43.     On information and belief, the Sony Accused Phones and/or their use are covered by one or more of the following claims of the -664 patent: 1, 3, 6-10, and/or 15-18.

44.     On information and belief, Sony, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of at least claims 1, 3, 6-10, and/or 15-18 of the -664 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Phones that alone or in use are covered by such claims of the -664 patent.

45.     On information and belief, consumers purchase and use Sonyøs Accused Phones and are instructed by Sony to use such Accused Phones to infringe one or more claims of the -664 patent.

46.     On information and belief, Sony provides instructions, such as User Guides, that instruct consumers on how to use the Accused Phones in such infringing manner, specifically intending such consumers will operate these Accused Phones in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '664 patent.

47.     On information and belief, Sony indirectly infringes one or more claims of the '664 patent in violation of 35 U.S.C. 271(b) by inducing consumers of the Accused Phones to directly infringe one or more claims of the '664 patent through their use of such Accused Phones in accordance with Sony's instructions.

48.     For example, on information and belief, Sony induces direct infringement of the '664 patent by providing User Guides, and instructions for the Accused Phones that instruct users how to use and operate the Accused Phones such that, by following Sony's instructions, the users of the Accused Phones directly infringe one or more claims of the '664 patent.  Sony engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Phones to directly infringe the '664 patent.

49.     Sony is liable for infringement of the '664 patent pursuant to 35 U.S.C. § 271.

50.     Sony's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Sony the damages sustained by Corydoras as a result of Sony's wrongful acts in an amount subject to proof at trial.

## COUNT II – INFRINGEMENT OF THE '236 PATENT

51.     On May 17, 2011, U.S. Patent No. 7,945,236 ("the '236 patent"), entitled "Communication Device" was duly and legally issued to the inventor, Iwao Fujisaki.  The '236 patent has been assigned to Corydoras.  Corydoras owns all right, title, and interest in the '236

patent, including the right to sue for and recover all past, present and future damages for infringement of the '236 patent.

52. The '236 patent is presumed valid.

53. Sony's Accused Phones are capable of voice communication. For example, the Accused Phones are made and sold with the capability to be used in telephone calls

54. Sony's Accused Phones include a camera on the same side as the display. Sony refers to this camera as the "Front camera." Sony's Accused Phones are capable of displaying a mirror image of the object, such as a person, that is in the view of this camera.

55. Each of Sony's Accused Phones is capable of displaying its geographic location on its display. Each of Sony's Accused Phones is capable of displaying its geographic location on its display based, at least in part, on GPS data.

56. On information and belief, the Sony Accused Phones and/or their use are covered by one or more of the following claims of the '236 patent: 1-3, 5, 8-11, and/or 16-18.

57. On information and belief, Sony, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of at least claims 1-3, 5, 8-11, and/or 16-18 of the '236 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Phones that alone or in use are covered by such claims of the '236 patent.

58. On information and belief, consumers purchase and use Sony's Accused Phones and are instructed by Sony to use such Accused Phones and to perform methods that infringe one or more claims of the '236 patent.

59.    On information and belief, Sony provides instructions, such as User Guides, that instruct consumers on how to use Sony's Accused Phones in such infringing manner, specifically intending such consumers will operate these Accused Phones in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '236 patent.

60.    On information and belief, Sony indirectly infringes one or more claims of the '236 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Sony's Accused Phones to directly infringe one or more claims of the '236 patent through their use of such Accused Phones in accordance with Sony's instructions.

61.    For example, on information and belief, Sony induces direct infringement of the '236 patent by providing User Guides, and instructions for the Accused Phones that instruct users how to use and operate the Accused Phones such that, by following Sony's instructions, the users of the Accused Phones directly infringe one or more claims of the '236 patent.  Sony engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Phones to directly infringe the '236 patent.

62.    Sony is liable for infringement of the '236 patent pursuant to 35 U.S.C. § 271.

63.    Sony's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Sony the damages sustained by Corydoras as a result of Sony's wrongful acts in an amount subject to proof at trial.

## COUNT III – INFRINGEMENT OF THE '287 PATENT

64.    On May 17, 2011, U.S. Patent No. 7,945,287 ("the '287 patent"), entitled "Communication Device" was duly and legally issued to the inventor, Iwao Fujisaki.  The '287 patent has been assigned to Corydoras.  Corydoras owns all right, title, and interest in the '287

patent, including the right to sue for and recover all past, present and future damages for infringement of the ='287 patent.

**65.** The ='287 patent is presumed valid.

**66.** Sony's Accused Phones are capable of voice communication.  For example, the Accused Phones are made and sold with the capability to be used in telephone calls.

**67.** Sony's Accused Phones include a camera on the same side as the display.  Sony refers to this camera as the "Front camera."  Sony's Accused Phones are capable of displaying a mirror image of the object, such as a person, that is in the view of this camera.

**68.** Sony's Accused Phones are manufactured and sold with multiple ringtones preloaded on each Accused Phone.  Based on user input, each Accused Phone is capable of associating an incoming call with a preloaded ringtone designated by the user input.

**69.** On information and belief, the Sony's Accused Phones and/or their use are covered by one or more of the following claims of the ='287 patent: 1-3, 5, 8-11, and/or 16-18.

**70.** On information and belief, Sony, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of at least claims 1-3, 5, 8-11, and/or 16-18 of the ='287 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Phones that alone or in use are covered by such claims of the ='287 patent.

**71.** On information and belief, consumers purchase and use Sony's Accused Phones and are instructed by Sony to use such Accused Phones and to perform methods that infringe one or more claims of the ='287 patent.

72.     On information and belief, Sony provides instructions, such as User Guides, that instruct consumers on how to use Sony's Accused Phones in such infringing manner, specifically intending such consumers will operate these Accused Phones in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '287 patent.

73.     On information and belief, Sony indirectly infringes one or more claims of the '287 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Sony's Accused Phones to directly infringe one or more claims of the '287 patent through their use of such Accused Phones in accordance with Sony's instructions.

74.     For example, on information and belief, Sony induces direct infringement of the '287 patent by providing User Guides, and instructions for the Accused Phones that instruct users how to use and operate the Accused Phones such that, by following Sony's instructions, the users of the Accused Phones directly infringe one or more claims of the '287 patent.  Sony engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Phones to directly infringe the '287 patent.

75.     Sony is liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271.

76.     Sony's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Sony the damages sustained by Corydoras as a result of Sony's wrongful acts in an amount subject to proof at trial.

## COUNT IV – INFRINGEMENT OF THE '037 PATENT

77.     On August 9, 2011, U.S. Patent No. 7,996,037 ("the '037 patent"), entitled "Communication Device" was duly and legally issued to the inventor, Iwao Fujisaki.  The '037 patent has been assigned to Corydoras.  Corydoras owns all right, title, and interest in the '037

patent, including the right to sue for and recover all past, present and future damages for infringement of the -037 patent.

78.     The -037 patent is presumed valid.

79.     Sony's Accused Phones are capable of voice communication.  For example, the Accused Phones are made and sold with the capability to be used in telephone calls.

80.     Sony's Accused Phones include a camera on the same side as the display.  Sony refers to this camera as the "Front camera."  Sony's Accused Phones are capable of displaying a mirror image of the object, such as a person, that is in the view of this camera.

81.     Sony's Accused Phones are capable of initiating a phone call using voice commands.  Sony's Accused Phones provide the capability to initiate a phone call in response to a voice command.

82.     On information and belief, the Accused Phones and/or their use are covered by one or more of the following claims of the -037 patent: 1-3, 5, 8-11, and/or 16-18.

83.     On information and belief, Sony, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of at least claims 1-3, 5, 8-11, and/or 16-18 of the -037 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Phones that alone or in use are covered by such claims of the -037 patent.

84.     On information and belief, consumers purchase and use Sony's Accused Phones and are instructed by Sony to use such Accused Phones and to perform methods that infringe one or more claims of the -037 patent.

85.     On information and belief, Sony provides instructions, such as User Guides, that instruct consumers on how to use Sony's Accused Phones in such infringing manner, specifically intending such consumers will operate these Accused Phones devices in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '037 patent.

86.     On information and belief, Sony indirectly infringes one or more claims of the '037 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Sony's Accused Phones to directly infringe one or more claims of the '037 patent through their use of such Accused Phones in accordance with Sony's instructions.

87.     For example, on information and belief, Sony induces direct infringement of the '037 patent by providing User Guides, and instructions for the Accused Phones that instruct users how to use and operate the Accused Phones such that, by following Sony's instructions, the users of the Accused Phones directly infringe one or more claims of the '037 patent.  Sony engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Phones to directly infringe the '037 patent.

88.     Sony is liable for infringement of the '037 patent pursuant to 35 U.S.C. § 271.

89.     Sony's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Sony the damages sustained by Corydoras as a result of Sony's wrongful acts in an amount subject to proof at trial.

### COUNT V – INFRINGEMENT OF THE '009 PATENT

90.     On September 20, 2011, U.S. Patent No. 8,024,009 ("the '009 patent"), entitled "Communication Device" was duly and legally issued to the inventor, Iwao Fujisaki.  The '009

patent has been assigned to Corydoras.  Corydoras owns all right, title, and interest in the -009 patent, including the right to sue for and recover all past, present and future damages for infringement of the -009 patent.

**91.**     The -009 patent is presumed valid.

**92.**     Sony's Accused Phones are capable of voice communication.  For example, the Accused Phones are made and sold with the capability to be used in telephone calls.

**93.**     Sony's Accused Phones include a camera on the same side as the display.  Sony refers to this camera as the "Front camera."  Sony's Accused Phones are capable of displaying a mirror image of the object, such as a person, that is in the view of this camera.

**94.**     One or more of Sony's Accused Phones include capability to reject an unwanted caller.  Such capability provided by Sony, for example, is identified as "Route to voicemail" and "Block."  If "Route to voicemail" or "Block" is enabled on an Accused Phone, an incoming call from a caller that has been designated as "Route to voicemail" or "Block" will be rejected and it will not be connected to conduct a voice communication with the Accused Phone.

**95.**     On information and belief, the Accused Phones and/or their use are covered by one or more of the following claims of the -009 patent: 1-3, 5, 8-11, and/or 16-18.

**96.**     On information and belief, Sony, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of at least claims 1-3, 5, 8-11, and/or 16-18 of the -009 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, or import, in this judicial district and/or elsewhere in the United States, Accused Phones that alone or in use are covered by such claims of the -009 patent.

97.     On information and belief, consumers purchase and use Sony's Accused Phones and are instructed by Sony to use such Accused Phones and to perform methods that infringe one or more claims of the '009 patent.

98.     On information and belief, Sony provides instructions, such as User Guides, that instruct consumers on how to use Sony's Accused Phones in such infringing manner, specifically intending such consumers will operate these Accused Phones in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '009 patent.

99.     On information and belief, Sony indirectly infringes one or more claims of the '009 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Sony's Accused Phones to directly infringe one or more claims of the '009 patent through their use of such Accused Phones in accordance with Sony's instructions.

100.    For example, on information and belief, Sony induces direct infringement of the '009 patent by providing User Guides, and instructions for the Accused Phones that instruct users how to use and operate the Accused Phones such that, by following Sony's instructions, the users of the Accused Phones directly infringe one or more claims of the '009 patent.  Sony engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Phones to directly infringe the '009 patent.

101.    Sony is liable for infringement of the '009 patent pursuant to 35 U.S.C. § 271.

102.    Sony's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Sony the damages sustained by Corydoras as a result of Sony's wrongful acts in an amount subject to proof at trial.

### COUNT VI – INFRINGEMENT OF THE '540 PATENT

103.    On May 20, 2014, U.S. Patent No. 8,731,540 ("the '540 patent"), entitled "Communication Device" was duly and legally issued to the inventor, Iwao Fujisaki.  The '540 patent has been assigned to Corydoras.  Corydoras owns all right, title and interest in the '540 patent, including the right to sue for and recover all past, present and future damages for infringement of the '540 patent.

104.    The '540 patent is presumed valid.

105.    Sony's Accused Phones are capable of voice communication.  For example, the Accused Phones are made and sold with the capability to be used in telephone calls.

106.    Sony's Accused Phones include a camera on the same side as the display.  Sony refers to this camera as the "Front camera."  Sony's Accused Phones are capable of displaying a mirror image of the object, such as a person, that is in the view of this camera.

107.    Sony's Accused Phones are capable of sending and receiving email.  Sony's Accused Phones are capable of authoring an email based on input from a user and wirelessly transmitting such email to a recipient.

108.    On information and belief, the Accused Phones and/or their use are covered by one or more of the following claims of the '540 patent: 1-6, 8-11, 13-16 and/or 18.

109.    On information and belief, Sony, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of at least claims 1-6, 8-11, 13-16 and/or 18 of the '540 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Phones that alone or in use are covered by such claims of the '540 patent.

110.    On information and belief, consumers purchase and use Sony's Accused Phones and are instructed by Sony to use such Accused Phones and to perform methods that infringe one or more claims of the '540 patent.

111.    On information and belief, Sony provides instructions, such as User Guides, that instruct consumers on how to use Sony's Accused Phones in such infringing manner, specifically intending such consumers will operate these Accused Phones in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '540 patent.

112.    On information and belief, Sony indirectly infringes one or more claims of the '540 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Sony's Accused Phones to directly infringe one or more claims of the '540 patent through their use of such Accused Phones in accordance with Sony's instructions.

113.    For example, on information and belief, Sony induces direct infringement of the '540 patent by providing User Guides and instructions for the Accused Phones that instruct users how to use and operate the Accused Phones such that, by following Sony's instructions, the users of the Accused Phones directly infringe one or more claims of the '540 patent.  Sony engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Phones to directly infringe the '540 patent.

114.    Sony is liable for infringement of the '540 patent pursuant to 35 U.S.C. § 271.

115.    Sony's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Sony the damages sustained by Corydoras as a result of Sony's wrongful acts in an amount subject to proof at trial.

### COUNT VII – INFRINGEMENT OF THE '741 PATENT

116.    On November 24, 2015, U.S. Patent No. 9,197,741 ("the '741 patent"), entitled "Communication Device" was duly and legally issued to the inventor, Iwao Fujisaki.  The '741 patent has been assigned to Corydoras.  Corydoras owns all right, title, and interest in the '741 patent, including the right to sue for and recover all past, present and future damages for infringement of the '741 patent.

117.    The '741 patent is presumed valid.

118.    Sony's Accused Phones are capable of voice communication.  For example, the Accused Phones are made and sold with the capability to be used in telephone calls.

119.    Sony's Accused Phones include a camera on the same side as the display.  Sony refers to this camera as the "Front camera."  Sony's Accused Phones are capable of displaying a mirror image of the object, such as a person, that is in the view of this camera.

120.    Sony's Accused Phones display a mirror image of an object in the view of the front camera.  Sony's Accused Phones are capable of wirelessly transmitting video of that object during an audiovisual call.

121.    Sony's Accused Phones include a second camera that faces opposite the direction of the front camera.

122.    Each of Sony's Accused Phones are capable of associating a specific ringtone with a specific incoming phone number.

123.    On information and belief, the Accused Phones and/or their use are covered by one or more of the following claims of the '741 patent: 1, 2, 4, and/or 9.

124.    On information and belief, Sony, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of at least claims 1, 2, 4, and/or 9 of the '741 patent by making, using, selling, offering to sell, and/or importing, and/or causing

others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Phones that alone or in use are covered by such claims of the '741 patent.

125. On information and belief, consumers purchase and use Sony's Accused Phones and are instructed by Sony to use such Accused Phones in a manner that infringes one or more claims of the '741 patent.

126. On information and belief, Sony provides instructions, such as User Guides, that instruct consumers on how to use Sony's Accused Phones in such infringing manner, specifically intending such consumers will operate these Accused Phones devices in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '741 patent.

127. On information and belief, Sony indirectly infringes one or more claims of the '741 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Sony's Accused Phones to directly infringe one or more claims of the '741 patent through their use of such Accused Phones in accordance with Sony's instructions.

128. For example, on information and belief, Sony induces direct infringement of the '741 patent by providing User Guides, and instructions for the Accused Phones that instruct users how to use and operate the Accused Phones such that, by following Sony's instructions, the users of the Accused Phones directly infringe one or more claims of the '741 patent. Sony engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages consumers of its Accused Phones to directly infringe the '741 patent.

129. Sony is liable for infringement of the '741 patent pursuant to 35 U.S.C. § 271.

130.    Sony's acts of infringement have caused damage to Corydoras, and Corydoras is entitled to recover from Sony the damages sustained by Corydoras as a result of Sony's wrongful acts in an amount subject to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Corydoras prays for entry of judgment that:

A.    Sony has directly infringed and/or induced infringement of the ´664, ´236, ´287, ´037, ´009, ´540 and ´741 patents;

B.    Sony accounts for and pays to Corydoras all damages caused by Sony's infringement of the ´664, ´236, ´287, ´037, ´009, ´540 and ´741 patents;

C.    Corydoras be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Sony's patent infringement;

D.    Corydoras be granted its reasonable attorneys' fees;

E.    Costs be awarded to Corydoras; and,

G.    Corydoras be granted such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Corydoras demands trial by jury on all claims and issues so triable.

Respectfully submitted,


Dated:  July 13, 2018          By:   /s/ Otis Carroll
                                     John T. Polasek
                                     Texas Bar. No. 16088590
                                     tpolasek@pqelaw.com
                                     C. Dale Quisenberry
                                     Texas Bar No. 24005040
                                     dquisenberry@pqelaw.com
                                     POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
                                     6750 West Loop South, Suite 995

Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

Otis W. Carroll
State Bar No. 03895700
otiscarroll@icklaw.com
Deborah Race
State Bar No. 16448700
drace@icklaw.com
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787